UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-10-1095-1 |
| | § | |
| MALAQUIAS SALGADO-SALGADO | § | |

**ORDER DENYING MOTION FOR EXTENSION
OF TIME TO FILE MOTION UNDER 28 U.S.C. § 2255**

After pleading guilty to Illegal Reentry pursuant to a written plea agreement, Malaquias Salgado-Salgado (Salgado) was sentenced by this Court on March 22, 2011. D.E. 14, 21. Judgment of conviction was entered against him on March 25, 2011. D.E. 22. Salgado timely filed a notice of appeal. D.E. 24. His appeal was dismissed on July 13, 2011, pursuant to motion of his counsel to which was attached to Salgado's declaration that he did not wish to appeal.[1]

On June 29, 2012, the Clerk received from Salgado a motion for a 60 day extension of time to file his motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 40. Salgado claims that he is uneducated and semi-literate in Spanish and not literate at all in English and that he needs assistance in filing the motion. He further asserts that his appellate counsel did not confer with him before filing the motion to dismiss and that he did not understand what happened to his appeal until he recently obtained the services of an interpreter. Id.

As an initial matter, the Court notes that the deadline for Salgado to file a § 2255 motion has not yet passed. A motion made under § 2255 is subject to a one-year statute of limitations,

---

[1] The Fifth Circuit docket includes the motion and its attached Declaration in English and Spanish in which Salgado states that after discussing his appellate rights with his appointed counsel, he wishes to withdraw his appeal and understands that withdrawing his appeal means that there will be no appeal of his conviction and sentence.

which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255. The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. Clay v. United States, 537 U.S. 522, 532 (2003); United States v. Gamble, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam).

In this case, Salgado's appeal became final on October 10, 2011, 90 days after the Fifth Circuit dismissed his appeal. See United State v. Franks, 397 Fed. App'x. 95, 98-99 (5th Cir., October 6, 2010) (per curiam) (designated unpublished) (90 day period to apply for writ of certiorari applies even when federal appeal is dismissed). Thus, Salgado has one year from that date, or until October 10, 2012, to file his § 2255 motion, as calculated under 28 U.S.C. § 2255(1). The statute also provides certain alternative dates upon which the limitations period may begin, see 28 U.S.C. § 2255(2)-(4) and is also subject to equitable tolling "in rare and exceptional cases." United States v. Riggs, 314 F.3d 796, 799 (5th Cir. 2002) (quoting Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998)).

If Salgado files his motion on or before October 10, 2012, it will be timely and no extension is necessary. To the extent that Salgado files his motion later than October 10, 2012, equitable tolling and statutory tolling are available only in very limited circumstances. Moreover, the Court cannot consider a motion for extension or for tolling without a § 2255 motion before it. See United States v. Shipman, 61 Fed. App'x. 919, 2003 WL 1111561 (5th Cir. February 19, 2003) (per curiam) (designated unpublished) (affirming the district court's denial of a motion for extension of time to file a § 2255 motion filed without a motion on the merits, and agreeing with the reasoning of United States v. Leon, 203 F.3d 162 (2d Cir. 2000) that "a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed"

because "[b]efore the petition itself is actually filed, 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'").

Accordingly, if Salgado wishes to file a § 2255 motion, he should do so as soon as possible. If he chooses to file a § 2255 motion, but does not file it before October 10, 2012, the Court will then have the jurisdiction to determine whether his is one of the rare and exceptional cases where tolling would be appropriate. The Court reaches no conclusions herein as to whether Salgado would be entitled to any tolling as to any future motion. Instead, the Court will address the timeliness of any § 2255 motion filed by Salgado after it is filed. Until that time, the Court lacks jurisdiction to entertain a motion for extension. See Shipman, supra.

## CONCLUSION

For the foregoing reasons, Salgado's motion for extension (D.E. 40) is DENIED.

SIGNED and ORDERED this 3rd day of July, 2012.

_____
Janis Graham Jack
Senior United States District Judge